The Honorable Dick Bond State Senator, 8th District State Capitol, Room 128-S Topeka, Kansas 66612
Dear Senator Bond:
You inquire on behalf of a constituent whether a limited liability company (LLC) described herein may contract with doctors to provide health care services.
You indicate that the LLC is organized by a hospital and a number of doctors pursuant to the Kansas limited liability company act, K.S.A. Supp. . 17-7601 et seq. The hospital is (1) a duly organized nonprofit Kansas corporation with its principal place of business in the state, (2) a tax exempt organization under 501(c)(3) of the internal revenue code, (3) a licensed medical care facility and general hospital under the regulation of the Kansas department of health and environment, K.S.A. 1995 Supp. 65-425 et seq. and (4) a health care provider as defined in the health care provider insurance availability act, K.S.A. 40-3401(f). The doctors are medical practitioners, licensed by the Kansas board of healing arts. K.S.A. 65-2801 et seq. The LLC is organized for the purpose of employing and contracting with medical practitioners, including the organizing doctors, to provide health care services. We are told that the organizational documents comply with the requirements imposed on entities which provide services regulated by the Kansas board of healing arts and include restrictions imposed by the professional corporation law of Kansas. K.S.A. 17-2706 et seq. The organizational documents contain restrictions upon ownership, limiting it to licensed non-profit hospitals (which are not licensed medical practitioners) and licensed medical practitioners. All of the membership interests are owned by the hospital and the doctors.
Whether the LLC as described may contract with doctors to provide health care services depends on whether all the parties involved are both able to organize as a limited liability company and able to provide health care services. K.S.A. 17-7601 authorizes a limited liability company to conduct or promote any lawful business or purpose which a partnership or individual may conduct, except as restricted by another law. A "business" is defined by K.S.A. 17-7602 subsection (f) as every trade and occupation or profession. The authority to conduct a business specifically includes the practice of a profession and the employment of professionals. K.S.A. 17-7604(q). It provides:
 "Each limited liability company organized and existing under the Kansas limited liability company act may:
. . . .
 "(q) have and exercise all powers which may be exercised by a Kansas professional association or professional corporation, including employment of professionals to practice a profession, which shall be limited to the practice of one profession, except as provided in K.S.A. 17-2710 and amendments thereto."
The statute authorizes any LLC to exercise all powers which may be exercised by a professional corporation and limits the LLC to the practice of one profession, except as otherwise allowed by K.S.A. 17-2710
which authorizes the combination of certain professionals, such as architects and engineers. In other words, if the LLC organizes for the purpose of practicing a profession, it may exercise all the powers of a professional corporation. The professional corporation law permits any person who is authorized to form a professional corporation to organize as a limited liability company and flatly states that the professional corporation law takes precedence over any law which prohibits a corporation from rendering any type of professional service. K.S.A.17-2708. There is thus no question that these statutes authorize the organizing doctors, as licensed practitioners, to contract with themselves to provide health care services.
At issue is whether the hospital organized as part of the limited liability company may employ professionals to provide health care services, given that the hospital is not a licensed practitioner regulated by the board of healing arts.
The issue of a hospital's corporate practice of medicine has been addressed by the Kansas Supreme Court in St. Francis Regional MedicalCenter, Inc. v. Weiss, 254 Kan. 728 (1993) involving an employment contract between a hospital and a physician. Pertinent to our issue, the Court found that the district court did not err in denying summary judgment to the physician by a finding that although the hospital was a general corporation, it could enter into and enforce the employment contract with the physician. In coming to this conclusion, the Court distinguished an earlier case, Early Detection Center, Inc. V. Wilson,248 Kan. 869 (1991) wherein the Court imposed a judicial restriction on the corporate practice of medicine. Early Detection Center involved the activities of a general business corporation which was in part owned by laymen shareholders. The Court found that the general corporation was prohibited from providing medical services or acting through licensed medical practitioners and thus could not contract with licensed medical practitioners to provide medical services to third parties.
In Weiss the Court reasoned that unlike the general corporation inEarly Detection, the hospital was a medical care facility licensed by the Kansas department of health and environment for the purpose of providing health care services and, for this reason, the public policy considerations which resulted in the judicial restriction on the corporate practice of medicine were not applicable. The Court concluded that neither Kansas case law nor statutory law prohibited a licensed hospital from contracting with licensed medical practitioners to provide health care services on behalf of the hospital.
A limited liability company is not a corporation, K.S.A. 17-7603(b), but, in our judgment, the reasoning in Weiss applies to a company organized and licensed for the purpose of providing health care services. If the LLC organized pursuant to K.S.A. 17-7601 et seq., is in the business of providing health care services, it is no longer subject to the public policy reasons for prohibiting the corporate practice of medicine. The policy reasons against the corporate practice of medicine involve the substitution of corporate judgments for medical judgments by those more concerned about the corporate business than the ethical considerations inherent in the provision of health care services. Weiss,254 Kan. at 744. A licensed hospital subject to regulation as a health care provider offers protection against unauthorized methods of healing,Weiss at 746. This protection is not compromised by a licensed hospital's organization as a limited liability company.
LLCs combine the limitation on individual liability normally associated with the corporate form with the tax advantages normally associated with the partnership form. LLCs provide a noncorporate avenue for limited liability and if appropriately structured, allow taxation as a partnership, thereby avoiding the double taxation of a corporation. Like a corporation and unlike a partnership, LLCs do not expose individuals to individual liability for the negligence or wrongdoing of others. Members (or the managers, if any) of LLCs are not liable for the LLC obligations, debts or liabilities and are not a proper party to a proceeding against the LLC, except when the proceeding is to enforce a member's right against or obligation to the LLC. K.S.A. 17-7620; 17-7631. Limited liability however does not shield a member or owner from his own negligence. Ribstein and Keitinge, Limited LiabilityCompanies 1-3 (1992). The LLC's organizational structure does not limit liability for an owner or agent's own wrongful acts or omissions, even when they act on behalf of the LLC. Callison and Sullivan, LimitedLiability Companies 271 (1994). The hospital's organization as a limited liability company does not shield it from liability it would otherwise incur. A licensed hospital is immune from vicarious liability for the negligence or omissions of a licensed physician covered by the health care stabilization fund, if the physician is not an employee or agent of the hospital. K.S.A. 65-442(b); K.S.A. 1995 Supp. 40-3403(h). McVay v.Rich, 255 Kan. 371 (1994). Thus the hospital's organization as a limited liability company does not compromise the hospital's duties and obligations as a licensed health care provider.
It is thus our opinion that a limited liability company which is comprised of a licensed hospital and licensed practitioners may in accordance with K.S.A. 17-7604(q) and Kansas case law contract with medical practitioners to provide medical services.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm